UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID PANNELL,

    Petitioner,

    v.                                 CAUSE NO. 3:21-CV-951-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

David Pannell, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (CIC-21-3-104) at the Correctional Industrial Facility in which a disciplinary hearing officer found him guilty of unauthorized possession of property in violation of Indiana Department of Correction Offense 215. He was sanctioned with the loss of ninety days earned credit time and a demotion in credit class. The court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 Habeas Corpus Rule 4.

Mr. Pannell argues that he is entitled to habeas relief because the administrative record didn't establish the nature of the papers found or the identity of the inmate to whom the papers belonged. He also contends that Inmate Hill's testimony established that Inmate Hill had inadvertently left his papers in Mr. Pannell's cell.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard,

>   requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines possession as:

>   On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

Indiana Department of Correction, The Disciplinary Code for Adult Offenders, Policy No. 02-03-101 (effective March 1, 2020).[1] According to facility policy, "it is not permitted for offenders to take another's legal work or correspondence back to his cell house where it is not under the immediate control or possession of the offender to whom it belongs."[2] ECF 1-1 at 11.

The administrative record includes a conduct report in which a correctional officer represents that he searched Mr. Pannell's cell on March 9, 2021 and found two documents belonging to another inmate on Mr. Pannell's property box. The

---

[1] This policy is available at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf.

[2] Mr. Pannell also argues that he is entitled to habeas relief because the facility policy didn't independently warn him that violating the policy could result in disciplinary sanctions. The disciplinary code provides that the unauthorized possession of property and violations of facility rules by inmates may subject them to disciplinary sanctions, and Mr. Pannell offers no explanation as to how the notice afforded by the disciplinary code was constitutionally inadequate.

2

correctional officer testified that he saw Inmate Hill's name on the documents. The administrative record also included the following testimony:

> **Mr. Parnell:** On or about March 6th or 7th you visited offender Pannell's cell location to discuss the merits of the appeal and mistakenly left your red folder with two disc hearing papers in it in offender Pannell's cell location?
>
> **Inmate Hill:** Yes.
>
> **Mr. Parnell:** At all times while visiting offender Pannell's cell location when offender Pannell $963265 was working on your facility level appeal you always carried your disc papers back to your cell with you?
>
> **Inmate Hill:** Yes.

ECF 1-1 at at 16. Logically, Inmate Hill could not have "always" and "at all times" carried his legal papers back to his cell with him and also have mistakenly left his legal papers in Mr. Pannell's cell on one occasion. According to Mr. Pannell, the hearing officer resolved the apparent contradiction in Inmate Hill's testimony by finding that Mr. Pannell had his own copies of Inmate Hill's legal papers. *Id.* at 16-17. Even assuming that Inmate Hill left the legal papers in Mr. Pannell's cell, Mr. Pannell possessed them as defined by departmental policy when they remained in his cell two or three days later. The conduct report and the witness testimony constitute some evidence that Mr. Pannell committed the offense of unauthorized possession of property. The claim that the hearing officer did not have sufficient evidence isn't a basis for habeas relief.

Mr. Pannell argues that he is entitled to habeas relief because hearing officer denied him the right to present evidence by denying some of the questions asked of the correctional officer who issued the conduct report. "[T]he inmate facing

3

disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id.

    Mr. Pannell asked the correctional officer the following:

- On March 9, 2021, Officer Barker at approx. 9 am you were instructed by your supervising Officer to conduct a shakedown/cell search of cell 24-4C which was occupied by offender Pannell, David #963265 and his cellmate?

- Officer Barker at the time you found the two papers were you aware of any facility rule or directive that specifically prohibited an offender of being in possession of another offenders legal work in their living quarters?

- At the time you wrote the report of conduct were you aware that pursuant to IDOC policy 02-04-101 that the disc hearing code for adult offenders defines authorization as one according to department and facility rules, policies, procedures or directives and to according to an established facility custom approved by the facility administration?

ECF 1-1 at 12-13. The hearing officer found that the first question was duplicative of the conduct report and that the second question was "self-evident". Id. The hearing officer also denied the third question because it pertained to staff training. Id. Mr. Pannell doesn't explain how these rulings were unreasonable. It's unclear how the correctional officer's personal knowledge of the relevant policies was a material issue in resolving the issue before the hearing officer of whether Mr. Pannell committed

4

the offense of unauthorized possession of property. This claim isn't a basis for habeas relief.

Mr. Pannell argues that he is entitled to relief because the hearing officer wasn't an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by finding that Mr. Pannell had his own copies of Inmate Hill's legal papers based on Inmate Hill's testimony. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. Id. The record contains no indication that the hearing officer was personally involved with the discovery of the legal papers that were the subject of conduct report against Mr. Pannell. It's unclear why Mr. Pannell believes that the hearing officer's finding of fact based on the evidence presented at the hearing amounts to impermissible bias. Though the finding of fact may have been adversely affected Mr. Pannell, adverse rulings alone are insufficient to demonstrate improper bias. Thomas v. Reese, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

Mr. Pannell argues that he is entitled to habeas relief because he received inadequate notice of the disciplinary charge. He says the conduct report didn't describe the nature of the papers found or identity of the inmate to whom the papers belonged. He also says that the hearing officer found him guilty of Offense 465 -

5

Facility Rule Violation but that he didn't receive notice that he had been charged with that offense. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. 539, 564 (1974). Though the conduct report didn't describe the nature of the papers found or identity of the inmate to whom the papers belonged, Mr. Pannell doesn't explain how this lack of information impeded his ability to prepare a defense. The evidence Mr. Pannell requested for the hearing indicates that Mr. Pannell knew that the conduct report involved documents relating to Inmate Hill's disciplinary proceedings. ECF 1-1 at 8-10. Even if the administrative record was sufficient to also support a finding that Mr. Pannell committed Offense 465, the hearing officer found him guilty of Offense 215 - Unauthorized Possession of Property (ECF 1-1 at 5), so procedural due process didn't require notice of any other disciplinary charge. Mr. Parnell's claim that he received inadequate notice isn't a basis for habeas relief.

The court denies Mr. Pannell's petition because he hasn't shown that he is entitled to habeas relief. Mr. Pannell doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). He can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

6

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES David Pannell leave to proceed in forma pauperis on appeal.

SO ORDERED on January 5, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT